The United States Bankruptcy Court
For the District of Puerto Rico

In the Matter of:

ALEX R HERNANDEZ OSORIO          CASE NO. 06-02960 ESL

Debtor                           Chapter 13

## Motion to Modify Plan Post-Confirmation

The Debtor, by his attorney, hereby moves to modify his chapter 13 plan. In support of this motion he avers:

1. Debtor hereby submits a plan to cure arrears to the Doral Financial Corporation.

2. Debtor had to add security measures to his home and fell behind in his payments.

**WHEREFORE,** the Debtor prays that he be permitted to amend his payment plan pursuant to 11 U.S.C. § 1329.

**CERTIFICATE OF SERVICE:** I hereby certify that on August 14, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notifications of such filing to the following: José R. Carrión, Chapter 13 Trustee and I further certify that I have mailed by United States Postal Service the document to all interested parties appearing on the attached master address list.

August 14, 2008

Sonia A. Rodríguez Rivera 117414
Otto E. Landrón Pérez 202706
Landrón & Rodríguez Law Offices
Attorneys for the Debtor
PO Box 52044
Toa Baja PR 00950-2044
Tel 795-0390 / Fax 795-2693
Corozal: 802-3844 Tel & Fax
Email: landrodz@onelinkpr.net

**20 DAY NOTICE:** Within twenty (20) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to

the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: ALEX R HERNANDEZ OSORIO

DEBTOR(S)

BK. CASE # 06-02960 ESL

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

NOTICE: • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • This plan does not allow claims. Any party entitled to receive disbursements form the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [✓] directly  [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
[ ] 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED: _____
[ ] PRE [✓] POST-CONFIRMATION

[✓] AMENDED PLAN DATED: August 14, 2008
FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

$ 225 x 24 = $ 5,400
$ 330 x 13 = $ 4,290
$ 722 x 23 = $ 16,606
$ ___ x ___ = $ 0
$ ___ x ___ = $ 0
TOTAL = 60  $ 26,296

Additional Payments:
$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from

[ ] Sale of property identified as follows:
_____
_____

[ ] Other: _____
_____

Periodic Payments to be made other than and in addition to the above.
$ ___ x ___ = $ 0
To be made on: _____

**PROPOSED PLAN BASE:** $ 26,296

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $ 3,000
b. Fees Paid (Pre-Petition): ($ 676 )
c. R 2016 Outstanding balance: $ 2,324

d. Post Petition Additional Fees: $ _____
e. Total Compensation: $ 3,000

Signed: /s/ ALEX R HERNANDEZ OSORIO
DEBTOR

JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

A. SECURED CLAIMS: [ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:

[ ] ADEQUATE PROTECTION Payments: Cr. _____ $ _____

[✓] Trustee will pay secured ARREARS:
Cr. DORAL BANK        Cr. _____        Cr. _____
Acct. 0050035764      Acct. _____      Acct. _____
$ 2,145               $ _____          $ _____
+ $1,600.44 Post-petition

[ ] Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____           Cr. _____        Cr. _____
Acct. _____         Acct. _____      Acct. _____
Monthly Pymt.$ _____  Monthly Pymt.$ ___  Monthly Pymt.$ ___

[ ] Trustee will pay IN FULL Secured Claims:
Cr. _____           Cr. _____        Cr. _____
$ _____             $ _____          $ _____

[ ] Trustee will pay VALUE OF COLLATERAL:
Cr. _____           Cr. _____        Cr. _____
$ _____             $ _____          $ _____

[ ] Secured Creditor's interest will be insured. INSURANCE POLICY will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL TO Lien Holder:

[✓] Debtor will maintain REGULAR PAYMENTS DIRECTLY to:
DORAL BANK

B. PRIORITIES. The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].

C. UNSECURED PREFERRED: Plan [✓] Classifies [ ] Does not Classify Claims.

[ ] Class A: [✓] Co-debtor Claims: [ ] Pay 100% / [✓] "Pay Ahead":
[ ] Class B: [ ] Other Class: _____
[✓] Cr. DORAL ARREARS   [✓] Cr. COOP INTERMET   [ ] Cr. _____
$ 3,470                  $ 6,400                 $ _____
+ $1,254.84 post petition

D. GENERAL UNSECURED NOT PREFERRED: (Case Liquidation Value = $ 0 )
[ ] Will be paid 100% plus ___ % Legal Interest. [ ] Will be paid Pro-Rata from any remaining funds

OTHER PROVISIONS:
1. INCREASE AFTER PAYMENT 37 TO COME FROM DISPOSABLE INCOME AFTER PAYING OFF CAR TO FORD MOTOR CREDIT.
2. DEBTOR WILL MAINTAIN REGULAR PAYMENTS DIRECTLY TO DORAL FINANCIAL CORP ON UNSECURED DEBT WITH CO-DEBTOR ACCOUNT #0030055385

ATTORNEY FOR DEBTOR  OTTO E. LANDRON PEREZ, ESQ.   Phone: 795-0390